IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DAVID VAN ELZEN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CODY ASKINS LLC**, a Missouri limited liability company, **8 PERCENT NATION LLC,** a Missouri limited liability company, and **CODY ASKINS,** a Missouri individual,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Plaintiff" or "Van Elzen") brings this Class Action Complaint and Demand for Jury Trial against Defendant Cody Askins LLC ("Defendant" or " Cody Askins"), Defendant 8 Percent Nation LLC ("Defendant" or "8 Percent"), and Defendant Cody Askins ("Defendant" or "Askins") the CEO and owner of the other two Defendant companies, to stop the Defendants from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers' cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Van Elzen, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff David Van Elzen is a resident of Menasha, Wisconsin.

2. Defendant Cody Askins LLC is a limited liability company headquartered at 3506 S. Culpepper Cir. Suite D, Springfield, Missouri. Defendant Cody Askins LLC conducts business throughout this District and the US.

3. Defendant 8 Percent Nation LLC is a limited liability company headquartered at 3506 S. Culpepper Cir. Suite D, Springfield, Missouri. Defendant 8 Percent conducts business throughout this District and the US.

4. Defendant Cody Askins is a resident of Missouri and is the owner and CEO of Defendant Cody Askins LLC and Defendant 8 Percent Nation LLC, and he controls the operations of the Defendant companies to conducts business throughout this District, and the US.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over the Defendants and the venue is proper under 28 U.S.C. § 1391(b) because the Defendants conduct business in this District, and the calls at issue were received by the Plaintiff while residing in this District.

**INTRODUCTION**

7. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com (last visited July 17, 2022).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Class Action Complaint

*and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

16. Defendant Askins is a sales trainer and conducts training and coaching programs for insurance agents and agencies.[3]

17. Defendant Askins also organizes events, conferences, and contests, to promote their training programs and to solicit agents across the U.S. to purchase their training services and products.

18. Defendant Askins owns and operates several companies to conduct these various training programs and events to get more and more insurance agents to purchase their training services, including, Defendant 8 Percent Nation LLC and Defendant Cody Askins LLC.[4]

19. Defendant 8 Percent Nation LLC operates using the registered alias "Cody Askins, LLC" and Defendant Cody Askins LLC operates using the registered alias, "8 Percent Nation", leaving no doubt that both these companies operate in unison, towards maximizing the sales for Defendant Askins' products and services.

20. Defendants place telemarketing cold calls to their prospective consumers, insurance agents across the U.S., to solicit their training services and events to the consumers through Defendants Cody Askins LLC and Defendant 8 Percent Nation.

21. Defendants place cold calls using pre-recorded voice messages to solicit their products and services to consumers, despite having never obtained the necessary consent required to place the calls.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/in/cody-askins-029497111/
[4] https://www.linkedin.com/company/cody-askins-llc/about/

22. Defendants place these calls using voice messages recorded by Defendant Askins himself, as with the pre-recorded calls received by Plaintiff Van Elzen and other members of the Class.

23. In response to these calls, Plaintiff Van Elzen files this lawsuit seeking injunctive relief requiring the Defendants to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF VAN ELZEN'S ALLEGATIONS**

24. Plaintiff Van Elzen is the subscriber of the cell phone number ending xxx-xxx-3152.

25. In April 2022, Plaintiff started receiving calls to his cell phone from Defendants. Plaintiff had never given his consent to receiving calls from the Defendants.

26. On April 10, 2022, at 4:35 PM, Plaintiff received a call to his cell phone from the phone number 417-216-7717. Plaintiff answered the call but there was no one on the other side.

27. On April 10, 2022, at 4:38 PM, just a few minutes later, Plaintiff received another call to his cell phone from the same phone number 417-216-7717. Plaintiff answered the call, and a pre-recorded message began playing, soliciting Plaintiff to participate in the 'Ultimate Agent Contest'. The person who recorded the solicitation voice message identified themselves as Defendant Askins.

28. On calling the phone number 417-216-7717, it is answered by an automated voice message system which answers the phone with the prompt, "Thank you for calling the Cody Askins Team. A representative will be with you shortly."

29. On April 18, 2022, at 10:12 AM, Plaintiff Van Elzen received another call to his cell phone from the Defendants using the phone number 417-622-0108. Plaintiff answered the call and spoke to an employee of Defendant Askins, who also identified themselves as a part of the Cody Askins team. The caller was soliciting Plaintiff Van Elzen to purchase membership to Defendant's

4
Class Action Complaint

products or services. Plaintiff Van Elzen told the Defendant's employee that he did not wish to be contacted by or on behalf of the Defendant.

30. The unauthorized prerecorded call that Plaintiff received from Defendants has harmed Plaintiff Van Elzen in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone.

31. Seeking redress for these injuries, Plaintiff Van Elzen, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

32. Plaintiff Van Elzen brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) any of the Defendants called (2) on their cellular telephone number (3) using the same or a similar artificial or pre-recorded voice messages used to call Plaintiff.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) each Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Van Elzen anticipates the need to amend the Class definition following appropriate discovery.

Case 6:23-cv-00037-SRB   Document 1   Filed 07/24/22   Page 6 of 9
5
Class Action Complaint

34. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

 (a) whether Defendants made calls using a prerecorded voice;

 (b) whether Defendant made these calls without consent;

 (c) whether the calls violate the TCPA;

 (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

36. **Adequate Representation**: Plaintiff Van Elzen will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Van Elzen has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff Van Elzen and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Van Elzen nor his counsel have any interest adverse to the Class.

37. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not

Case 6:23-cv-00037-SRB   Document 1   Filed 07/24/22   Page 7 of 9
6
Class Action Complaint

on facts or law applicable only to Plaintiff Van Elzen. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Van Elzen and the Pre-recorded No Consent Class)**

38. Plaintiff Van Elzen repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

39. Defendants and/or its agents transmitted unwanted telephone calls to Plaintiff Van Elzen and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

40. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Van Elzen and the other members of the Pre-recorded No Consent Class.

41. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff Van Elzen and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Case 6:23-cv-00037-SRB   Document 1   Filed 07/24/22   Page 8 of 9
7
Class Action Complaint

a. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b. An award of damages and costs;

c. An order declaring that Defendants' actions, as set out above, violate the TCPA;

d. An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Van Elzen requests a jury trial.

DATED this 24th day of July, 2022.

**DAVID VAN ELZEN**, individually and on behalf of all others similarly situated,

*/s/ Stefan Coleman*

Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
COLEMAN PLLC
66 Flagler Street, Suite 900
Miami, FL 33130
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative Class*